**MANDATE**

Conn / NEW HAVEN
02-CV-1691 (SRU)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 11th day of August, Two thousand and five.

PRESENT:



HON. ROSEMARY S. POOLER
HON. SONIA SOTOMAYOR,

*Circuit Judges.*

HON. EDWARD R. KORMAN,

*District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FRANCIS CUSICK, JOANN CUSICK and MATTHEW CUSICK,

*Plaintiffs-Appellants,*

-v.-                                              No. 03-7890-cv

CITY OF NEW HAVEN, CITY OF NEW HAVEN DEPT. OF POLICE SERVICES, BRIAN SULLIVAN, EDWARD KENDALL, STEPHEN COPPOLA, EDWIN RODRIGUEZ and DEREK RODGERS,

---

[*]  The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

-1-

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

APPEARING FOR PLAINTIFFS-APPELLANTS:
                NORMAN A. PATTIS, Bethany, CT.

APPEARING FOR DEFENDANTS-APPELLEES EDWIN RODRIGUEZ and STEPHEN
COPPOLA:
                JENNIFER SCHANCUPP, Susman, Duffy & Segaloff, P.C.,
                New Haven, CT.

APPEARING FOR DEFENDANT-APPELLEE EDWARD KENDALL:
                ELLIOT B. SPECTOR, Noble, Spector, Young & O'Connor,
                P.C., Hartford, CT.

APPEARING FOR DEFENDANT-APPELLEE BRIAN SULLIVAN:
                MARISA A. BELLAIR, Lynch, Traub, Keefe and Errante,
                P.C., New Haven, CT (Hugh F. Keefe, *on the brief*).

APPEARING FOR DEFENDANTS-APPELLEES CITY OF NEW HAVEN AND CITY OF
NEW HAVEN DEPT. OF POLICE SERVICES:
                JONATHAN H. BEAMON, Assistant Corporation Counsel,
                City of New Haven, New Haven, CT.


       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
DECREED** that the judgment of the district court is **AFFIRMED**.

       Plaintiffs-appellants Francis Cusick, Joann Cusick, and Matthew Cusick ("the Cusicks")
appeal from a judgment of the United States District Court for the District of Connecticut
(Underhill, J.) granting defendants-appellees City of New Haven, City of New Haven Department
of Police Services, Brian Sullivan, Edward Kendall, Stephen Coppola, Edwin Rodriguez, and
Derek Rodgers's motion to dismiss plaintiffs' 42 U.S.C. § 1983 claims. We assume the parties'
familiarity with the facts and procedural background of this case.

       The plaintiffs allege that the defendants' failure to pursue, or to inform the North Haven
Police Department of, inculpatory evidence unearthed in the investigation of Phillip Cusick's
murder caused them severe emotional distress and thereby violated their right to substantive due
process under the Fourteenth Amendment. To succeed in their substantive due process claim, the
Cusicks must show that the defendants' conduct "shocks the conscience." *See, e.g., County of
Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). Assuming *arguendo* that the plaintiffs' evidence
was sufficient to demonstrate that the defendants intended to harm them by withholding

information from the North Haven police—a questionable supposition—this conduct still would not constitute the kind of heinous behavior recognized in the law as "conscience-shocking." Cases "dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct" violates a party's substantive due process rights. *Id.*; *see also Whitley v. Albers*, 475 U.S. 312, 327 (1986) (holding that substantive due process doctrine bars official conduct that "afford[s] brutality the cloak of law") (quoting *Rochin v. California*, 342 U.S. 165, 173 (1952)) (alteration in original); *Rochin*, 342 U.S. at 172 (finding a substantive due process violation where police employed "methods too close to the rack and the screw to permit of constitutional differentiation.").[1] For substantially the reasons stated by the district court, the conduct alleged in this case does not "shock the conscience" in a constitutional sense. This is not to suggest that such intentional conduct if proven would not be reprehensible, but simply that it does not fall within the narrow range of "conscience-shocking" conduct that has been held to violate the right to substantive due process.[2]

Because the plaintiffs have failed to allege a denial of their constitutional rights sufficient to survive defendants' motion to dismiss, it is unnecessary to consider the merits of their municipal liability claims. *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (holding that plaintiffs asserting a municipal liability claim under Section 1983 must prove, *inter alia*, the denial of a constitutional right); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (same). Similarly, because the plaintiffs in this case have failed to show a possible constitutional violation, it is unnecessary for this Court to reach the defendant police officers' argument that they are shielded from suit by the doctrine of qualified immunity. *See Wilkinson v. Russell*, 182 F.3d 89, 102-03 (2d Cir. 1999); *see also Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

We have considered the parties' remaining arguments and find them to be without merit. For the reasons discussed above, the judgment of the district court is AFFIRMED.

_____

[1] The Cusicks argue that "it is not essential to a Section 1983 substantive due process claim that the harm done be physical in nature." This may be true. The problem with the Cusicks' claim, however, is not that they are asserting purely emotional harm, but that the conduct of the defendants in this case does not rise to the level of "conscience-shocking," such that it violates plaintiffs' substantive due process rights.

[2] In support of their argument that the conduct of the government officials in this case "shocks the conscience," the plaintiffs rely primarily on *Culberson v. Doan*, 125 F. Supp. 2d 252 (S.D. Ohio 2000). The court in *Culberson* found that the plaintiffs' substantive due process rights were violated by relying specifically on the secretion of the murdered daughter's body. The court held that the police chief, by taking control of the probable location of the body, obtained constructive control over or functional custody of the body, and thus had a heightened duty to protect that body and the family's interest therein. *Id.* at 267-70. The court alternatively held that the police chief's conduct, in effectively returning the body to the murderer, shocked the conscience. *Id.* at 270-72. Plaintiffs have alleged no similar facts in this case.

FOR THE COURT,
Roseann B. MacKechnie, Clerk
By:

-4-

A TRUE COPY
Roseann B. MacKechnie, CLERK

DEPUTY CLERK